```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                         DISTRICT OF VERMONT
```

UNITED STATES OF AMERICA,           :
                                    :
        Plaintiff,                  :
                                    :
        v.                          :   Case No. 2:08-cv-30
                                    :
DANIEL J. INGOLD, MARGARET SMITH,   :
and BRATTLEBORO SAVINGS & LOAN      :
ASSOCIATION, F.A.,                  :
                                    :
        Defendants.                 :

## MEMORANDUM OPINION and ORDER

In this collection and foreclosure action, Defendants Daniel J. Ingold and Margaret Smith have moved to dismiss the complaint against them for failure to observe Ingold's right to request a hearing under Section 6320 of Title 26, United States Code. For the reasons that follow, the Motion to Dismiss (Doc. 8) is **denied.**

### Factual Background

The undisputed facts are as follows. On September 23, 1996, pursuant to 26 U.S.C. § 6672, Defendant Daniel Ingold was assessed a penalty for failure to collect, account for and pay over employment taxes on behalf of the company, Envirologic, Inc. After he failed to pay in response to notice of the assessment, a lien arose in favor of the United States upon all of Ingold's property and rights to property. 28 U.S.C. § 6321. Ingold and his spouse, Defendant Margaret Smith, own real property at 2318 River Road, Guilford, Vermont, as tenants by the entirety.

The Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien in the Town of Guilford Land Records at Book 6, Page 323, on August 22, 1997. This Notice of Lien ceased to be effective because the notice was not timely refiled. The IRS then filed a new Notice of Federal Tax Lien for the same assessment in the Guilford Land Records at Book 119, Page 141, on January 17, 2008.[1]

On the same date the IRS sent, by certified mail, a notice to Ingold of the filing of a notice of lien, as required by 26 U.S.C. § 6320. The notice stated that Ingold had a right to request a hearing with the IRS to appeal the collection action and to discuss payment options. It specified that if he wanted a collection due process hearing, he must request it by February 25, 2008. Ingold did not request a collection due process hearing with the IRS by February 25, 2008.

On February 12, 2008, the day before the statute of limitations for a collection action was due to expire,[2] the United States filed the above-captioned suit with this Court, seeking to reduce the outstanding assessment to judgment and to foreclose against the property, pursuant to 26 U.S.C. §§ 7402-

---

[1] The Complaint states that the Notice of Tax Lien was filed January 8, 2008. The United States does not dispute that the correct filing date is January 17, 2008.

[2] The parties agree that the ten-year statute of limitations, originally due to expire on September 23, 2006, was suspended for various reasons until February 13, 2008.

7403.

**Legal Standard**

Ingold and Smith have moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "In order to state a claim upon which relief can be granted, a complaint need only plead 'enough facts to state a claim for relief that is plausible on its face.'" *Sharkey v. Quarantillo*, 541 F.3d 75, 92 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007)). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

In deciding the motion, a court may consider the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference, and matters of which judicial notice may be taken. *See Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quoting *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)). Furthermore, a court may review and consider documents of which a plaintiff has actual notice and upon which it relied in bringing suit. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *accord Subaru Distr. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005). Ingold and Smith have submitted two exhibits with their motion to

dismiss: a copy of the Notice of Federal Tax Lien, and a copy of the Notice of Federal Tax Lien Filing. The documents were generated by the IRS, the United States has actual knowledge of the documents and it has addressed the impact of the documents in its opposition to the motion to dismiss. Accordingly, the Court may consider the documents in determining the motion to dismiss.

In opposing the motion, the United States has supplied the additional fact that Ingold did not request a collection due process hearing. Ingold and Smith have addressed and do not dispute this additional fact. As this fact was not integral to the complaint, the motion to dismiss must be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). Ordinarily, the Court would give notice to the parties of its intention to convert the motion. As the material facts concerning the issue of denial of due process are undisputed however, the Court finds that the parties have had a reasonable opportunity to present all pertinent material, as required by the rule. *See In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985) ("The essential inquiry is whether the appellant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings.").

Accordingly, the Court will grant the motion if the

undisputed facts, construed in the light most favorable to the United States, show that Ingold and Smith are entitled to a judgment of dismissal as a matter of law. *See* Fed. R. Civ. P. 56(c); *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007).

**Discussion**

A federal tax lien arises when "any person liable to pay any tax neglects or refuses to pay the same after demand." 26 U.S.C. § 6321. The lien arises at the time assessment is made, and continues until the liability is satisfied or the lien becomes unenforceable due to the running of the statute of limitations. *Id.* § 6322. The Government may collect the assessment by levy or by a proceeding in court. *Id.* § 6502(a). As a rule, the Government has ten years from the date of assessment to commence a proceeding in court to collect a tax, *see id.*, although certain events will suspend the running of the period of limitation. *See id.* § 6503.

The Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. 685 (1998), created a right to request a "collection due process" hearing upon the filing of a notice of lien. 26 U.S.C. § 6320. The IRS must inform a taxpayer within five business days after the filing of a notice of lien of (1) the amount of unpaid tax; (2) the right of the person to request a hearing; (3) the available administrative

5

appeals and appeals procedures; and (4) the statutory and regulatory provisions relating to the release of liens on property. *Id.* § 6320(a)(3). The taxpayer has thirty days to ask for this "fair hearing" before an "[i]mpartial officer" from the IRS Office of Appeals. *Id.* §§ 6320(a)(3)(B), (b). When a collection due process hearing, or CDP hearing, is requested within the thirty-day time period, the statute of limitations is suspended, and no collection action may be undertaken. *Id.* § 6330(e);[3] *see Shelter Mut. Ins. v. Gregory*, 555 F. Supp. 2d 922, 932 (M.D. Tenn. 2008) ("collection activities against tax liens must . . . be suspended while a due process hearing is underway."); *but see* 26 C.F.R. § 301.6320-1(g)(2) (interpreting § 6330(e) to permit initiation of judicial proceedings to collect tax).

At a CDP hearing, the appeals officer must obtain verification that the requirements of any applicable law or administrative procedure have been met. *Id.* § 6330(c)(1). The taxpayer may raise "any relevant issue" relating to the unpaid tax, and challenge the existence or amount of the underlying tax liability if he did not have an opportunity to dispute the liability. *Id.* § 6330(c)(2). The taxpayer may appeal an adverse determination to the Tax Court. *Id.* § 6330(d)(1).

---

[3] Sections 6330(c), (d) (other than paragraph (2)(B)), (e) and (g) apply to CDP hearings requested under § 6320. 26 U.S.C. § 6320(c).

There is no dispute that in this case the Government complied with the notice requirements of § 6320(a). Ingold and Smith contend that by bringing suit before the deadline for requesting a CDP hearing expired, the Government deprived Ingold of his "due process rights under § 6320." (Mot. to Dismiss 4.)[4]

Although § 6320 reflects Congress's intention to afford taxpayers "adequate notice of collection activity and a meaningful hearing before the IRS deprives them of their property," S. Rep. No. 105-174, at 67 (1998), the statute does not require that the Government forbear all collection activity until the taxpayer decides if he or she will request a CDP hearing. On the contrary, § 6330(e), applicable to § 6320, specifically provides that "if a hearing is requested," actions "which are the subject of the requested hearing . . . shall be suspended for the period during which such hearing, and appeals therein, are pending[, and] . . . the beginning of a . . . proceeding during the time the suspension . . . is in force may be enjoined." 26 U.S.C. § 6330(e). Thus, the statute itself contemplates the pendency of collection activity. It would have been a simple matter, had Congress so chosen, to declare instead that no judicial proceeding can be commenced before the expiration of the deadline for requesting a CDP hearing. *Cf.* 26

---

[4] Ingold and Smith do not argue that they have been deprived of a constitutional right to due process.

U.S.C. § 6015(e)(1)(B) (prohibiting commencement of a court proceeding for collection of an assessment against an individual seeking relief from joint and several liability on a joint return until the close of the ninety-day period for filing a petition with the Tax Court, or until the Tax Court's decision has become final).

Perhaps tacitly conceding that the statutory language does not support their argument, Ingold and Smith assert that there would have been no point in requesting a CDP hearing once the court action was filed because once the matter is referred to the Department of Justice to prosecute a civil case, the IRS has no authority to settle the case. *See* 26 U.S.C. § 7122(a) (authorizing the IRS to compromise a case prior to referral to the Department of Justice for prosecution, and authorizing the Department of Justice to compromise such a case after referral).

Matters that may be considered at a CDP hearing embrace more than settlement offers. A taxpayer may challenge the appropriateness of the collection action, raise a spousal defense, and under certain circumstances challenge the existence or amount of the underlying liability. *Id.* § 6330(c)(2). Moreover, following a CDP hearing determination, the IRS Office of Appeals retains jurisdiction to hear issues regarding proposed or actual collection actions pending review of the determination in the Tax Court. *Id.* § 6330(d)(2)(A). And collection actions

may not be undertaken or prosecuted once a CDP hearing is requested until ninety days after the date the CDP determination is final. *Id.* § 6330(e). Far from being a meaningless exercise, effectively it is the CDP hearing that permits the IRS to retain its authority to determine issues pertinent to the attempt to collect on an assessment. The parties have cited to no authority for the suggestion that a determination from the appeals officer or the Tax Court would be ignored by the United States or by this Court.

Despite having received timely and adequate notice of his right to a fair hearing before an IRS appeals officer, Ingold did not request a hearing. Notice and opportunity for a hearing are all that the statute requires. *See id.* § 6320. Ingold and Smith have not suffered deprivation of any statutory due process rights by the institution of this collection action, given that Ingold failed to request the hearing provided by statute to afford him due process. Their motion is therefore **denied.**

Dated at Burlington, Vermont this 2nd day of March, 2009.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge